JS 44 (Rev. 11/04)  **CIVIL COVER SHEET**  APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Diane Rosetsky

**DEFENDANTS**
National Board of Medical Examiners of the United States of America, INC. Philadelphia

(b) County of Residence of First Listed Plaintiff: Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Timothy M. Kolman & Associates
225 N. Flowers Mill Road
Langhorne, PA 19047  (215) 750-3134

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking / [ ] 450 Commerce |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health |  | [ ] 490 Cable/Sat TV / [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | LABOR / [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) / [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 195 Contract Product Liability |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise |  | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [X] 442 Employment / Habeas Corpus: |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other |  |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights |  |  |  |
|  | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Violation of Age Discrimination in Employment Act of 1967, PA Human Relations Act
Brief description of cause:
Unlawful Age Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: August 2, 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT                                                APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 931 THRUSH LANE, Huntington Valley, PA 19006

Address of Defendant: 3750 MARKET STREET, PHILADELPHIA, PA 19104

Place of Accident, Incident or Transaction: SAME
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☑

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Rufus A. Jennings, Esq, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/02/07                        _____           93030
                                     Attorney-at-Law                     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____      _____        _____
                          Attorney-at-Law                Attorney I.D.#

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Diane Rosersky                                          : CIVIL ACTION
                                                        :
              v.                                        :
                                                        :
National Board of Medical                               :   NO.
Examiners of the United States of America, INC.         :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

August 2, 2007        Rufus A. Jennings                    Plaintiff
Date                  Attorney-at-law                      Attorney for

(215) 750-3134        (215) 750-3138        RJennings@kolmanlaw.net
Telephone             FAX Number            E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ROSETSKY<br>931 Thrush Lane<br>Huntington Valley, PA 19006<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS OF THE UNITED STATES<br>OF AMERICA, INC.<br>3750 Market Street<br>Philadelphia, PA 19104<br><br>　　　　　　Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiff, Diane Rosetsky, by and through her undersigned counsel, and files this Civil Action Complaint, averring as follows:

### I.　Introduction

1.　Plaintiff, Diane Rosetsky, initiates this action to seek redress against Defendant, her former employer, for unlawful age discrimination and retaliation, in violation of Age Discrimination in Employment Act of 1967, the Pennsylvania Human Relations Act, and other applicable federal and state law.

### II.　The Parties

2.　Plaintiff is Diane Rosetsky, an adult individual currently residing at the above address.

3. Defendant is the National Board of Medical Examiners of the United States of America, Inc., a corporation, created and existing pursuant to the laws of Washington D.C., with a place of business at the above address.

4. At all times relevant, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

### III.   Jurisdiction and Venue

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C.

§§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

### IV. Procedural and Administrative Remedies

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Age Discrimination in Employment Act as follows:

   a. On or about December 1, 2006, Plaintiff filed a timely written charge of discrimination (No. 530-2007-01175) against Defendant with the Philadelphia office of the Equal Employment Opportunity Commission alleging age discrimination and retaliation;

   b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about May 7, 2007;

  c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

  d. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission;

13. Plaintiff has exhausted her federal and state administrative remedies as to the allegations of this Complaint.

## V. Factual Background

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff is a forty-none (49) year old female.

16. Plaintiff was employed by Defendant from September 27, 2005 until November 27, 2006 as a Test Development Program Assistant.

17. At all times relevant, Plaintiff was supervised by Kathy Holtzman.

18. During the course of Plaintiff employment, she was subjected to a pattern of discrimination based on her age, including, but not limited to:

  a. Plaintiff was assigned to minor, clerical tasks, not included in her job description;

  b. Plaintiff was denied a promotion for which she was qualified – the position was subsequently given to a younger employee;

  c. Plaintiff was given the smallest possible salary increase.

19. Other employees over the age of forty (40) were also denied promotions by Ms. Holtzman.

20. On October 18, 2006, Plaintiff complained about the foregoing discrimination to Barbara Davidson, the Director of Human Resources.

21. On November 27, 2007, Plaintiff was terminated without good cause.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

22. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

23. Plaintiff is over forty (40) years old, and is therefore in the class of persons protected by the Age Discrimination in Employment Act.

24. The foregoing conduct by Defendant constitutes unlawful discrimination and/or retaliation against Plaintiff based on her age.

25. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT – RETALIATION

26. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

27. In opposing a pattern of age discrimination, Plaintiff engaged in a protected activity under the ADEA.

28. The foregoing conduct by defendant constitutes unlawful retaliation to Plaintiff's opposition to unlawful age discrimination.

29. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT

30. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

31. The foregoing actions by Defendant constitute unlawful age discrimination and retaliation, in violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, *et seq.*

32. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of her age, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their age, and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension,

and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

 d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

 e. Plaintiff is to be awarded double damages pursuant to 29 U.S.C. 626(b) for a willful violation of the ADEA.

 f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

 g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

 h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

 i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

 j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

       Respectfully submitted,

       TIMOTHY M. KOLMAN AND ASSOCIATES

   By: /s/ Rufus A. Jennings, Esquire
     Rufus A. Jennings, Esquire
     Attorney for Plaintiff
     225 N. Flowers Mill Road
     Langhorne, PA 19047
     (215) 750-3134

August 2, 2007