## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE ROSETSKY,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **No: 07-3167** |
| | : | |
| **NATIONAL BOARD OF MEDICAL** | : | |
| **EXAMINERS OF THE UNITED STATES** | : | |
| **OF AMERICA, INC.,** | : | |
| **Defendant** | | |

### ANSWER AND AFFIRMATIVE DEFENSES OF NATIONAL BOARD
### OF MEDICAL EXAMINERS OF THE UNITED STATES OF AMERICA

Defendant, the National Board of Medical Examiners ("NBME"), by its undersigned counsel, hereby responds to the allegations of plaintiff's Complaint as follows:

1.      Admitted in part; denied in part; denied in part as stated.  NBME admits only that plaintiff purports to bring this action pursuant to the statutes cited.  To the extent that the allegations state conclusions of law, no responsive pleading is required.  The remaining factual allegations of Paragraph 1 are denied.

2.      Admitted in part; denied in part.  NBME admits only that Ms. Rosetsky is an adult individual.  NBME lacks knowledge sufficient to form a belief as to the remaining allegation of Paragraph 2, and it is therefore denied.

3.      Admitted in part; denied in part.  NBME admits only that it is a non-profit corporation incorporated under the laws of the District of Columbia, with its offices and principal place of business at 3750 Market Street, Philadelphia, PA 19104.

4.      Denied as stated.  The allegations of paragraph 4 state conclusions of law to which no responsive pleading is required.

5.      Admitted in part; denied in part.  NBME admits only that it had more than twenty (20) employees during the period alleged.  The remaining allegations state conclusions of law to which no responsive pleading is required.  To the extent that any response may be required, the remaining allegations are denied.

6.      Admitted in part; denied in part.   NBME admits only that NBME had more than four employees during the period alleged.  The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent that any response maybe required, the remaining allegations are denied.

7.      NBME incorporates it responses to Paragraphs 1 through 6 herein by reference as though fully set forth at length.

8.      Denied.  The allegations in Paragraph 8 of plaintiff's Complaint are conclusions of law to which no response is required.

9.      Denied.  The allegations in Paragraph 8 of plaintiff's Complaint are conclusions of law to which no response is required.

10.     Admitted in part; denied in part.  NBME admits only that it has an office and conducts business, that Ms. Rosetsky was employed, and that the events alleged in the Complaint took place in this judicial district.  To the extent these allegations are conclusions of law, no response is required.  The remaining factual allegations are specifically denied.

11.     NBME incorporates it responses to Paragraphs 1 through 10 herein by reference as though fully set forth at length.

12.     Admitted in part; denied in part.  NBME admits only that plaintiff filed a written charge with the EEOC on December 1, 2006, alleging age discrimination and retaliation; the EEOC issued a Notice of a Right to Sue on or about May 7, 2007; the charge was cross-filed

with the Pennsylvania Human Relations Commission; and, this action was initiated within ninety (90) days of May 7, 2007.  The remaining allegations of Paragraph 12 are conclusions of law to which no response is required.

13.      Denied.  The allegations of Paragraph 13 are conclusions of law to which no response is required.  To the extent that any response may be required, the allegations are denied.

14.      NBME incorporates it responses to Paragraphs 1 through 13 herein by reference as though fully set forth at length.

15.      Admitted.

16.      Denied as stated.  Plaintiff was initially hired as a temporary Test Development Associate.  She was offered and accepted a permanent full time position as a Program Assistant effective December 19, 2005.

17.      Admitted.  Plaintiff was supervised by Kathy Holtzman, who is herself over forty (40) years old.

18.      Denied.  NBME specifically denies that plaintiff was subjected to any discrimination because of her age.  To the contrary, NBME does not discriminate on the basis of age.

a.      Denied.  To the contrary, plaintiff was hired into a support position which necessarily included performing certain clerical tasks in support of her supervisor.  These were not plaintiff's only responsibilities.

b.      Denied.  Plaintiff submitted her resume for consideration for the position of Test Development Associate, Special Projects, on October 18, 2006, then unilaterally withdrew her application on November 9, 2006.  On October 20, 2006, plaintiff applied for the position of Case Developer, then unilaterally withdrew her application on November 6, 2006.

c.    Denied.  Plaintiff received a satisfactory rating on her annual performance review in November 2006, which would have made her eligible to receive a minimum of two (2) percent salary increase in 2007, had her employment continued that long.  Further denied that plaintiff received the "smallest possible salary increase;" employees who received an unsatisfactory rating received no salary increase.

19.    Denied as stated.  While some employees over the age of forty (40) may have been denied promotions based on job performance, many employees over the age of forty (40) have been awarded promotions.  NBME does not discriminate on the basis of age in awarding promotions and advancement.

20.    Denied.  While NBME admits that plaintiff met with Barbara Davidson, Director of Human Resources, on October 18, 2006, at no time during this meeting did plaintiff allege that she was being treated differently on the basis of her age.  In fact, plaintiff met to discuss an incident in which her supervisor had revised material, which plaintiff had initially edited.  Plaintiff was upset that her edits had been revised by her supervisor.  Ms. Davidson explained to her that it was not unusual for a supervisor to revise the work of a subordinate, and that edits of this sort were routine.

21.    Denied.  To the contrary, plaintiff's employment was terminated based solely upon the manner in which she performed (or refused to perform) her job responsibilities.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

22.    NBME incorporates it responses to Paragraphs 1 through 21 herein by reference as though fully set forth at length.

23.    Admitted in part; denied in part.  NBME admits that plaintiff is over age 40.  The remaining allegations are conclusions of law to which no response is required.

24.     Denied.  The allegations of Paragraph 24 are conclusions of law to which no response is required.  To the extent that any response is required, the factual allegations are denied.

25.     Denied.  The allegations of Paragraph 24 are conclusions of law to which no response is required.  To the extent that any response is required, the factual allegations are denied.

WHEREFORE, Defendant NBME respectfully requests that judgment be entered in its favor and against plaintiff, Diane Rosetsky, that the Complaint be dismissed with prejudice, and that NBME be awarded its costs in defending this action, including reasonable attorneys' fees.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT - RETALIATION

26.     NBME incorporates it responses to Paragraphs 1 through 25 herein by reference as though fully set forth at length.

27.     Denied.  The allegations of Paragraph 27 are conclusions of law to which no response is required.  To the extent that any response is required, the factual allegations are denied.

28.     Denied.  The allegations of Paragraph 27 are conclusions of law to which no response is required.  To the extent that any response is required, the factual allegations are denied.

29.     Denied.  The allegations of Paragraph 27 are conclusions of law to which no response is required.  To the extent that any response is required, the factual allegations are denied.

WHEREFORE, Defendant NBME respectfully requests that judgment be entered in its favor and against plaintiff, Diane Rosetsky, that the Complaint be dismissed with prejudice, and that NBME be awarded its costs in defending this action, including reasonable attorneys' fees.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT

30.    NBME incorporates it responses to Paragraphs 1 through 29 herein by reference as though fully set forth at length.

31.    Denied.  The allegations of Paragraph 27 are conclusions of law to which no response is required.  To the extent that any response is required, the factual allegations are denied.

32.    Denied.  The allegations of Paragraph 27 are conclusions of law to which no response is required.  To the extent that any response is required, the factual allegations are denied.

WHEREFORE, Defendant NBME respectfully requests that judgment be entered in its favor and against plaintiff, Diane Rosetsky, that the Complaint be dismissed with prejudice, and that NBME be awarded its costs in defending this action, including reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action against NBME upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on the Pennsylvania Human Relations Act claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to pursue in good  faith the investigation and conciliation procedures of the administrative process.

### FOURTH AFFIRMATIVE DEFENSE

NBME asserts all defenses available to it under the Pennsylvania Human Relations Act.

### FIFTH AFFIRMATIVE DEFENSE

NBME terminated plaintiff's employment for legitimate, non-discriminatory, and non-retaliatory business reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not able to show that she suffered any discrimination based on her age, or that she was retaliated against.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not able to prove that she is entitled to any damages of any kind, including those set forth in her ad damnum clause.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any, and/or has waived claims for the damages sought.

## NINTH AFFIRMATIVE DEFENSE

NBME's actions were, as a matter of law, insufficient to permit an award of any damages sought by plaintiff.

TROIANI/KIVITZ, L.L.P.

DATE: August 28, 2007

Bebe H. Kivitz, Esquire
I.D. No: 30253
Dolores M. Troiani, Esquire
I.D. No: 21283
38 North Waterloo Road
Devon, PA 19333
(215) 688-8400

Attorney for Defendant
National Board of Medical Examiners Of
The United States of America, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, Dolores M. Troiani, hereby certify that the foregoing Answer and Affirmative Defenses

of National Board of Medical Examiners of The United States of America was filed

electronically and is available for viewing and downloading from the ECF system.  I further

certify that a true and correct copy of said document was served via regular First Class mail,

postage prepaid, on the following:

Rufus A, Jennings, Esquire
Timothy M. Kolman & Associates
225 North Flowers Mill Road
Langhorne, PA 19047

Troiani/Kivitz, LLP

BY: _____
Dolores M. Troiani
Attorney for Defendant

Date: <u>August 28, 2007</u>