IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ROSETSKY<br><br>           Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS OF THE UNITED STATES<br>OF AMERICA, INC.<br><br>           Defendant. | CIVIL ACTION<br><br>No. 07-cv-3167<br><br><br>Honorable Stewart Dalzell, J. |

## ORDER

AND NOW, this           day, of                     , 2007, upon consideration of Plaintiff's Motion to Compel Depositions, it is hereby ORDERED and DECREED that the motion is GRANTED. Defendants shall produce Kathy Holtzman, Barbara Davidson, Kieran Hussey, Faith Balsama and Debbie Shelmire for deposition within fifteen (15) days of the date of this Order or be subject to such sanctions as the Court deems appropriate.

BY THE COURT:

_____
Hon. Stewart Dalzell, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ROSETSKY | CIVIL ACTION |
| Plaintiff, | No. 07-cv-3167 |
| v. | |
| | Honorable Stewart Dalzell, J. |
| NATIONAL BOARD OF MEDICAL EXAMINERS OF THE UNITED STATES OF AMERICA, INC. | |
| Defendant. | |

## PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

Plaintiff, by and through her undersigned counsel, hereby respectfully moves the Court to grant this Motion to Compel Depositions for the reasons set forth in the attached Memorandum of Law, which is fully incorporated herein.

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: /s/ Rufus A. Jennings
Rufus A. Jennings, Esquire
Attorney for Plaintiff
225 North Flowers Mill Road
Langhorne, PA 19047
(215) 750.3134

November 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ROSETSKY | CIVIL ACTION |
| Plaintiff, | No. 07-cv-3167 |
| v. | |
| | Honorable Stewart Dalzell, J. |
| NATIONAL BOARD OF MEDICAL EXAMINERS OF THE UNITED STATES OF AMERICA, INC. | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

**I.   Factual Background**

Plaintiffs initiated the above-captioned matter in or about August 2, 2007 the Age Discrimination in Employment Act of 1967 and the Pennsylvania Human Relations Act. The deadline for fact discovery in this matter is set to expire on November 16, 2007. Both parties have already served and propounded written discovery. The deposition of Plaintiff has been completed. Plaintiff has tried to schedule the depositions of several employees of Defendant, but requires additional time in which to complete discovery. Plaintiff noticed the depositions of Kathy Holtzman, Barbara Davidson, Kieran Hussey, Faith Balsama and Debbie Shelmire for Thursday, November 15, 2007. Defendant's counsel responded that she was not available for the depositions, and did not provide any alternate dates on which she would be able to appear.

**II.   Standard of Review**

It is well established that the scope and conduct of discovery are well within the sound discretion of the trial court. *Gaul v. Zep Mfg. Co.*, Civ. A. No. 03-2439, 2004 U.S. Dist. Lexis

1990, at *203 (E.D. Pa. Feb, 5 2004) (quoting *Marroquin-Manriquez v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir. 1983)). Pursuant to Federal Rule of Civil Procedure 30(a)(1), "A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court." Furthermore, pursuant to Federal Rule of Civil Procedure 30(b)(1), the party desiring to take the deposition may designate the time and the place for such deposition. Pursuant to Federal Rules 37(d), the Court is authorized to enter an Order compelling the depositions of any party, or officer of a party, who fails to appear at their deposition. Rule 37 "authorizes a party who has received evasive or incomplete answers to discovery authorized by ... Rule 26(a) to bring a motion to compel disclosure of materials sought." *Northern v. City of Phila.*, Civ. A. No. 98-6517, 2000 U.S. Dist. LEXIS 4279, at *3 (E.D. Pa. April 4, 2000).

### III.   Argument

As the deposition testimony of Kathy Holtzman, Barbara Davidson, Kieran Hussey, Faith Balsama and Debbie Shelmire is crucial to Plaintiff's case, and because Plaintiff acted diligently to obtain such testimony within the discovery deadline, this Court should enter and Order compelling the depositions of the witnesses.

Fed.R.Civ.P. 37 provides, in pertinent part, as follows:

> **(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.**
>
> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) *to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice,* ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure

> under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(d) (emphasis added). In this matter, Plaintiff scheduled the depositions within the Court's discovery deadline, but Defendant would not appear and did not provide any dates on which the witnesses would appear. Such conduct clearly warrants the entry of an Order compelling the witnesses' testimony.

### III.  Conclusion

For the foregoing reasons, Plaintiff respectfully requests that her Motion to Compel Depositions be granted.

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By:  /s/ Rufus A. Jennings
Rufus A. Jennings, Esquire
Attorney for Plaintiff
225 North Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

November 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ROSETSKY | CIVIL ACTION |
| Plaintiff, | No. 07-cv-3167 |
| v. | |
| | Honorable Stewart Dalzell, J. |
| NATIONAL BOARD OF MEDICAL EXAMINERS OF THE UNITED STATES OF AMERICA, INC. | |
| Defendant. | |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for Movant hereby certifies and attests that:

(a) He has had the contacts described below with Opposing Counsel regarding the discovery matter contained in the foregoing discovery Motion in an effort to resolve the specific discovery dispute at issue and further, that despite all counsel's good faith attempts to resolve the dispute, counsel have been unable to do so.

(b) Following the deposition of Plaintiff, Andrea Fiorentino, a paralegal in my office, contacted Defendant's counsel to schedule the depositions of a number of Defendant's employees. When counsel did not provide any dates on which the witnesses would appear, these depositions were unilaterally scheduled for November 15, 2007. Defendant's counsel wrote to advise that she would be unable to appear on that date, and did not provide any additional dates on which the depositions could take place. Plaintiff then moved for an extension of discovery in order to complete the depositions, which motion was denied.

CERTIFIED TO THE COURT:

Rufus A. Jennings
Rufus A. Jennings, Esquire
Attorney for Plaintiff

November 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ROSETSKY : | CIVIL ACTION |
| Plaintiff, : | No. 07-cv-3167 |
| v. : | |
| : | Honorable Stewart Dalzell, J. |
| NATIONAL BOARD OF MEDICAL : EXAMINERS OF THE UNITED STATES : OF AMERICA, INC. : | |
| Defendant. : | |

## CERTIFICATION OF SERVICE

I, Rufus A. Jennings, Esquire, hereby certify that, on the date set forth below, I did cause a true and correct copy of Plaintiff's Motion to Compel Depositions to be served on the following individual via electronic delivery:

Bebe H. Kivitz, Esquire
Troiani/Kivitz, LLP
38 North Waterloo Road
Devon, PA 19333

/s/ Rufus A. Jennings
Rufus A. Jennings, Esquire

November 16, 2007