IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE ROSETSKY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | No: 07-3167 |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | |
| EXAMINERS OF THE UNITED STATES | : | |
| OF AMERICA, INC., | : | |
| Defendant | : | |

## OPPOSITION OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant, The National Board of Medical Examiners ("NBME"), by and through its undersigned counsel, moves this Court for an Order denying Plaintiff's Motion to Compel Depositions. In support of its Opposition, defendant relies on the accompanying Memorandum of Law, which is incorporated by reference as if fully set forth herein.

Respectfully submitted,

DATE: Nov 19, 07

TROIANI/KIVITZ, L.L.P.

Bebe H. Kivitz, Esquire
I.D. No: 30253
Dolores M. Troiani, Esquire
I.D. No: 21283
38 North Waterloo Road
Devon, PA 19333
(215) 688-8400

Attorneys for Defendant
National Board of Medical Examiners Of
The United States of America, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE ROSETSKY,<br>      Plaintiff | : | CIVIL ACTION |
| vs. | : | No: 07-3167 |
| NATIONAL BOARD OF MEDICAL<br>EXAMINERS OF THE UNITED STATES<br>OF AMERICA, INC.,<br>      Defendant | : | |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of the Plaintiff's Motion to Compel Depositions and Defendant's Opposition to Plaintiff's Motion to Compel Depositions, the Motion to Compel Depositions is DENIED.

BY THE COURT:

_____
                                                      J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ROSETSKY,     :     Plaintiff     : | CIVIL ACTION |
|     : | |
| vs.     : | No: 07-3167 |
|     : | |
| NATIONAL BOARD OF MEDICAL     : EXAMINERS OF THE UNITED STATES     : OF AMERICA, INC.,     :     Defendant     : | |

**OPPOSITION OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

The Court denied Plaintiff's Motion to Extend Discovery by Order dated November 15, 2007. The Court's Order included all discovery -- including depositions -- because plaintiff did not demonstrate good cause. Still, plaintiff files here a second Motion to Extend Discovery disguised as a "Motion to Compel Depositions". This too should be denied, first, because it was previously ruled upon by this Court, and second, because it is without merit.

Perhaps most outrageous is the submission of the attorney's Certificate of Good Faith. First, plaintiff's attorney's Certification of Good Faith (incredibly) contains a paragraph (b) stating that Mr. Jennings' paralegal contacted defendant's counsel following plaintiff's deposition to schedule depositions of defendant's employees. This is not true -- <u>it did not happen</u>. Ms. Fiorentino had discussions with counsel's staff only regarding the IRS and other authorizations sought in defendant's Motion to Compel. The only telephone call defense counsel's office received concerning depositions was several days <u>after</u> plaintiff's Notice of Deposition was received. On November 14, 2007, Mr. Jennings' secretary contacted defendant's counsel's office to confirm that defense counsel would still be unavailable on November 15, 2007, the next day, consistent with her letter of November 8, 2007. (Exhibit "B" to NBME's

Opposition to Plaintiff's Request to Extend Discovery, filed November 15, 2007). Plaintiff's request to extend discovery was filed shortly after.

Further, as to Paragraph (a), there has been no further attempt to resolve this issue, because Mr. Jennings had <u>no</u> conversations with defense counsel concerning defense depositions. Rather, on November 8, 2007, plaintiff's counsel forwarded the Notice of Deposition, without checking the availability of counsel or the deponents in advance, seeking five (5) depositions on November 15, 2007, without a break, with the last deposition to begin at 5:00 p.m. Nor did plaintiff's counsel contact defense counsel following his receipt of her correspondence that she would be unavailable on November 15, 2007. By November 15, 2007, the date of the Court's Order, the issue was of course moot.

Plaintiff did not act diligently to take these depositions within the discovery period, and did not demonstrate any cause whatsoever to the Court. In apparent recognition of this fact, the Court denied plaintiff's Motion to Extend Discovery.

Plaintiff's Motion to Compel Depositions is nothing more than the same motion "recast" with a new title. Thus, defendant incorporates herein as though fully set forth, its response to plaintiff's Motion to Extend Discovery, filed on November 15, 2007, and requests that the Court deny plaintiff's Motion.

To the extent that plaintiff actually seeks "reconsideration" without calling it that, she has not demonstrated that she is entitled to reconsideration. A motion for reconsideration is granted only if one of three situations is shown: "(1) the availability of new evidence not previously available; (2) an intervening change of controlling law; or (3) the need to correct a clear error of law or to prevent manifest injustice". <u>Reich v. Compton</u>, 834 F. Supp. 753, 755 (E.D.Pa. 1993;

Williams v. City of Pittsburgh, 32 F. Supp. 2d. 236, 238 (W.D.Pa. 1998). (Motions for reconsideration should be granted sparingly; the parties are not free to relitigate the issues the Court has already decided). Recognizing that she has not met the burden necessary for reconsideration to be granted, plaintiff merely "relabels" her motion to extend discovery as one to compel depositions.

Having ruled already on the identical request, plaintiff is not entitled to a second bite at the apple, and should be bound by the Court's November 15, 2007, Order. The Court is respectfully requested to deny plaintiff's Motion to Compel Depositions.

DATE: Nov 19, 2007

TROIANI/KIVITZ, L.L.P.

_____
Bebe H. Kivitz, Esquire
I.D. No: 30253

Dolores M. Troiani, Esquire
I.D. No: 21283
38 North Waterloo Road
Devon, PA 19333
(215) 688-8400

Attorneys for Defendant
National Board of Medical Examiners Of
The United States of America, Inc.

## **CERTIFICATE OF SERVICE**

I, Bebe H. Kivitz, hereby certify that the foregoing Opposition of Defendant National Board of Medical Examiners to Plaintiff's Motion to Compel Depositions was filed electronically and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served via regular First Class mail, postage prepaid, on the following:

Rufus A, Jennings, Esquire
Timothy M. Kolman & Associates
225 North Flowers Mill Road
Langhorne, PA 19047

                                      Troiani/Kivitz, LLP

                                      BY: /s/ Bebe H. Kivitz
                                                Bebe H. Kivitz, Esquire
                                                Dolores M. Troiani, Esquire
                                                Attorneys for Defendant

Date: November 19, 2007