IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANE ROSETSKY : CIVIL ACTION
    v. :
NATIONAL BOARD OF :
MEDICAL EXAMINERS OF :
THE UNITED STATES OF AMERICA, INC. : NO. 07-cv-3167

## CLERK'S TAXATION OF COSTS

Plaintiff filed this civil action against defendant on August 2, 2007; it was labeled by this court as 07-cv-3167.

07-cv-3167 was a civil action in which federal jurisdiction was allegedly predicated upon violation by defendant of the Age Discrimination in Employment Act (29 U.S.C. §621, et seq.); plaintiff in 07-cv-3167 also alleged that this court had supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over claims allegedly predicated upon violation by defendant of laws of the state of Pennsylvania.

This court granted summary judgment in favor of defendant on February 19, 2008. This summary judgment was appealed by plaintiff to the United States Court of Appeals for the Third Circuit on March 19, 2008. As a result of this appeal, the Third Circuit entered an order on November 17, 2009 affirming this court's grant of summary judgment, but only so far as it related to those of plaintiff's claims which were allegedly predicated upon federal laws; the Third Circuit vacated this court's grant of summary judgment regarding those of plaintiff's claims which were allegedly predicated upon violation of laws of the state of Pennsylvania.

On November 18, 2009, this court entered an Order stating that it declined to exercise jurisdiction over plaintiff's state claims in 07-cv-3167.

In the meantime, defendant had filed its bill of costs on March 31, 2008. On December 4, 2009, the Clerk requested that Rufus A. Jennings, Esquire, counsel for

1

plaintiff, file objections to the bill of costs, if he had any, within fourteen days. No such objections have been filed with the Clerk.

It is well-established that district court costs[1] may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court.[2] The federal taxation of costs statute, 28 U.S.C. §1920, lists those items of taxable district court costs,[3] and Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of taxations of costs established by 28 U.S.C. §1920, thereby giving the Clerk authority to tax these types of district court costs[4] in favor of the prevailing party or parties and against the non-prevailing party or parties.[5] The Clerk may only tax as district court costs those items **specifically** listed in the taxation statute, 28 U.S.C. §1920.[6] Those items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

"(1) Fees of the clerk or marshal;
"(2) Fees of the court reporter for all or any part of its stenographic transcript necessarily obtained for use in the case;
"(3) Fees and disbursements for printing and witnesses;
"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
"(5) Docket fees under (28 U.S.C. §1923); (and,)
"(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)."

Once again, the Clerk cannot stress strongly enough that he may only tax as district court costs those items of cost **specifically** listed in the taxation statute, 28 U.S.C. §1920.[7] Normally, the Clerk will tailor his taxation of costs opinion around the items requested and the actual objections raised by the losing party or her counsel, and will not raise issues *sua sponte*; however, as stated previously, since the Clerk's power is strictly limited by 28 U.S.C. §1920, a necessary corollary is that if a requested item is never authorized by 28 U.S.C. §1920 under any circumstances, the Clerk may not tax that item as a 28 U.S.C. §1920 cost, even where the losing party has not raised any objections to the item or items in question.[8]

As they are not specifically listed in 28 U.S.C. §1920, attorney fees are clearly not taxable by the Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1).[9] Pursuant to the

language of Federal Rule of Civil Procedure 54 itself, attorney fees are only recoverable from the presiding judge pursuant to Federal Rule of Civil Procedure 54(d)(2), and not from the Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1). An award or disallowance of attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) is totally separate and distinct from an award of statutory costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[10] Federal Rule of Civil Procedure 54(d)(1) costs may be assessed by the Clerk even when attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) are disallowed by the presiding judge.[11] The rationale supporting this standard is that unlike attorney fees, an assessment of 28 U.S.C. §1920 costs is considered to be purely ministerial, and is not considered to be punitive toward the non-prevailing party, but merely as reimbursement to the prevailing party for their costs in bringing a successful civil action[12] (whereas an assessment of attorney fees *is* considered to be punitive). Statutes mentioning "attorney fees and costs" mean "attorney fees and attorney costs," and do not relate to 28 U.S.C. §1920 costs; accordingly, if there is a court Order in the underlying case denying "attorney fees and costs," it does not preclude the taxing of 28 U.S.C. §1920 costs.[13]

In addition, those litigation costs which are more closely associated with the routine overhead of running a law firm than with the types of costs listed in 28 U.S.C. §1920 are not taxable by the Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1), as they are seen as "facets" of attorney fees.[14] By this standard, "facets" of attorney fees, which are not, even arguably, among those types of costs listed in 28 U.S.C. §1920 include the costs of law firm rent, the costs of law firm utilities and costs for any and all non-attorney law firm staffing,[15] such as the costs of courier, local delivery and/or messenger services[16] (however, this standard does not apply to costs for governmental service of process or private service of process, which may be taxed pursuant to 28 U.S.C. §1920(1)).[17] By this same standard, "facets" of attorney fees, which are not, even arguably, among those types of costs listed

in 28 U.S.C. §1920 include costs of shipping (including shipping by means of the "United Parcel Service" or by means of "Federal Express").[18] These costs are therefore prohibited in a Clerk's Taxation of Costs, and we accordingly disallow the request for $101.42.

The remaining costs sought by defendant are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, and are therefore, at least arguably, taxable by the Clerk of this Court.[19] Federal Rule of Civil Procedure 54(d)(1) directs that "costs -other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920) "**_should_** be allowed to the prevailing party (emphasis added)." To quote a 1988 decision of the Supreme Court of the United States, this language creates a heavy presumption that "the 'prevailing party' <u>automatically</u> is entitled to costs"[20] as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.[21] This heavy presumption is based on the federal policy that a Clerk's Taxation of Costs is seen as a purely ministerial act in civil cases, and is seen as reimbursement for the prevailing party or parties and is not seen as a penalty against the losing party or parties.[22] A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the aforesaid heavy presumption in favor of the taxing of costs against that non-prevailing party.[23] Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920.[24]

In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used.[25] As a further result of this heavy presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads

the Clerk to deny to that prevailing party otherwise allowable costs.[26] Since the remaining costs sought by defendant are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter.

Counsel for plaintiff having no objections to the taxing of costs, they are taxed as follows:

| | |
|---|---|
| Costs of records subpoenas: | $   619.19 |
| Transcript costs: | 987.15 |
| Copying costs: | 1,706.39 |
| TOTAL: | $3,312.73 |

Date  January 21, 2010

MICHAEL E. KUNZ
CLERK OF COURT

1. Under circumstances not relevant here, the clerk of the district court may also tax certain specific, narrowly defined *appellate* court costs at the express direction of the clerk of the appellate court, pursuant to the express language of Federal Rule of Appellate Procedure 39.

Moreover, this taxation opinion shall not address the issue of those types of costs which are taxable pursuant to Federal Rule of Civil Procedure 68. Rule 68 deals with certain narrowly defined and rare factual situations where certain costs are taxable only by the presiding judge, and not by the Clerk. Rule 68 is plainly, on its face, not applicable to the instant situation.

2. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).

3. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000).

4. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).

5. Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, 102 F.R.D. 959 (E.D. Pa. 1984).

6. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Perry v. Metro Suburban Bus Authority; 236 FRD 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

7. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Perry v. Metro Suburban Bus Authority; 236 FRD 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); and, In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

8. Northbrook Excess and Surplus Insurance Co. v. Procter & Gamble Co., 924 F.2d 633 (7th Cir. 1991).

9. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Cook Children's Medical Center v. New England PPO Plan of Gen. Consol. Management, 491 F.3d 266 (5th Cir. 2007); Perry v. Metro Suburban Bus Authority; 236 F.R.D. 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); US v. Bedford

Associates, 548 F.Supp. 748 (SDNY 1982).

10. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).

11. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998).

12. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Accord, In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

13. Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Dr. Bernard Heller Foundation v. Lee, 847 F.2d 83 (3rd Cir. 1988); Dominic v. Hess Oil V.I. Corp., 841 F.2d 513 (3rd Cir. 1988).

14. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995). Accord, Harkins v. Riverboat Services, 286 F. Supp. 2d 976 (ND Ill. 2003), aff'd, 385 F.3d 1099 (7th Cir. 2004); Antolik v. Saks, Inc., 407 F.Supp. 2d 1064 (SD Iowa 2006); and In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

15. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, In Re: San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956 (1st Cir. 1993); United States Football League v. National Football League, 887 F.2d 408 (2nd Cir. 1989); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (ED Mo. 1984).

16. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Avirgan v. Hull, 705 F.Supp. 1544 (SD Fla 1989), aff'd, 932 F.2d 1572 (11th Cir. 1991); Yasui v. Maui Electric Co., 78 F.Supp.2d 1124 (D. Hawaii 1999); Corsair Asset Management, Inc. v. Moskovitz, 142 FRD 347 (ND Ga 1992); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (ED Mo. 1984).

17. McGuigan v. CAE Link Corp., 155 FRD 31 (NDNY 1994).

18. Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); Sun Media Systems, Inc. v. KDSM, LLC, 587 F.Supp. 2d 1059 (S.D. Iowa 2008); In Re: Glacier

Bay, 746 F.Supp. 1379 (D. Alaska 1990); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (ED Mo. 1984).

19. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Accord, Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).

20. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added).

21. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

22. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Accord, In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

23. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Accord, McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

24. Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975).

25. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D.

271 (D. Alaska 1962).

26. Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975). Accord, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985).